SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** TESLA, INC. doing business in
*(AVISO AL DEMANDADO):* California as TESLA MOTORS, INC., A Delaware Corporation, and DOES 1 TO 50

**YOU ARE BEING SUED BY PLAINTIFF:** DANIEL SUNG, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 20 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. *AVISO:* Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court
111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:** *(Número del Caso):* BC722553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edward W. Choi, Esq. SBN 211334     213-381-1515     213-465-4885
Law Offices of Choi & Associates
515 S. Figueroa Street Suite 1250
Los Angeles, CA 90071

**DATE:** SEP 2 0 2018     SHERRI R. CARTER Clerk, by ___Kristina Vargas___, Deputy
*(Fecha)*                                  *(Secretario)*                                             *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [xx] on behalf of *(specify):* TESLA, INC. doing business in California as TESLA MOTORS, INC., a Delaware Corporation

   under: [xx] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  Edward W. Choi, Esq. SBN 211334
   Paul M. Yi, Esq. SBN 207867
2  LAW OFFICES OF CHOI & ASSOCIATES
   A Professional Corporation
3  515 South Figueroa Street, Suite 1250
   Los Angeles, CA 90071
4  Telephone: (213) 381-1515
   Facsimile: (213) 465-4885
5
   Attorneys for Plaintiff
6  DANIEL SUNG

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 20 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT – UNLIMITED CIVIL

| | |
|---|---|
| DANIEL SUNG, an individual, | Case No. BC722553 |
| Plaintiff, | |
| | COMPLAINT FOR DAMAGES |
| vs. | 1. VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT (CIVIL CODE §1790, et seq.); |
| TESLA, INC. doing business in California as TESLA MOTORS, INC., A Delaware Corporation, and DOES 1 TO 50, | 2. VIOLATION OF MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. §2304, et seq.); and |
| | 3. BREACH OF WARRANTY (CIVIL CODE §§1791.2(a), 1794) |
| Defendants. | (Demand Over $25,000.00) |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff DANIEL SUNG, an individual ("Plaintiff") complains of and alleges the following causes of action against Defendants TESLA, INC. doing business in California as TESLA MOTORS, INC., A Delaware Corporation; and DOES 1 through 50, inclusive, as follows:

COMPLAINT FOR DAMAGES - 1 -

## GENERAL ALLEGATIONS

1. At all times mentioned herein, Plaintiff was and is an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant TESLA, INC. doing business in California as TESLA MOTORS, INC. ("TESLA") was and is a corporation existing under the laws of the state of its incorporation, and is authorized to do business and is doing business in the State of California. Plaintiff is also informed and believes, and thereon alleges, that TESLA is engaged in the business of manufacturing automobiles and other vehicles.

3. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise of Defendants sued herein as Does 1 through 50, inclusive, but is informed and believes, and thereon alleges, that they are in some manner, individually or collectively, responsible for the events, happenings and damages herein alleged and accordingly sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to state their true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every defendant, whether or actually or fictitiously named herein, was the principal, agent, servant, employee, and/or representative of each other defendant, and in doing the acts alleged herein, were acting within the scope and course of their respective service, employment, agency, and/or representation and with the permission and consent of each other defendant.

## FACTUAL ALLEGATIONS

5. On or about November 20, 2015, Plaintiff and TESLA MOTORS, INC. entered into a written agreement (the "Agreement") for the purchase of a new 2015 Tesla Model S 85, Vehicle Identification Number 5YJSA1H12FF097849 (the "Vehicle"). A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by this reference as though set forth in full.

6. At the time of purchase, Plaintiff was given a manufacturer's 4-year, 50,000 mile bumper-to-bumper warranty.

7. Plaintiff purchased the Vehicle and paid a down payment in the amount of $2,500.00. Pursuant to the terms of the Agreement, Plaintiff was required to make seventy-two (72) monthly payments of $1,440.02 each, commencing November 20, 2015. Based thereon, as of the date of the filing of this Complaint, Plaintiff has paid the total sum of $51,460.68, notwithstanding additional amounts for the Vehicle's registration, insurance, maintenance, and upkeep.

8. At the time Plaintiff purchased said Vehicle, Plaintiff was provided express warranties offered by Defendants, and each of them, to Plaintiff. These warranties included, but were not limited, warranties that the Vehicle would operate properly and reasonably, and in a manner that did not compromise or affect Plaintiff's use, value or safety of the Vehicle. Defendants also warranted that, in the event the Vehicle had a mechanical defect or problem that substantially impaired Plaintiff's use, value, or safety of the Vehicle, Defendants would take all reasonable and necessary steps to ensure that the Vehicle was repaired properly and promptly.

9. Subsequent to Plaintiff's purchase and delivery of the Vehicle, the Vehicle developed numerous and significant defects in materials and workmanship, such defects being discovered within the warranty period. The defects included, but were not limited to the following: problems with the door handle not presenting and the windows not rolling up.

10. On numerous occasions well within the warranty period, Plaintiff took the Vehicle in to service and repair facilities authorized by Defendant TESLA. Within the first 46,321 miles of the warranty period, the Vehicle was returned to said service and repair facilities on at four (4) different occasions, for warranty repairs related to the door handle and windows not rolling up. Despite these and other attempts by Plaintiff to have the problems remedies, said defects and non-conformities have not been remedied.

///
///
///
///
///
///

COMPLAINT FOR DAMAGES - 3 -

## FIRST CAUSE OF ACTION

## (VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE §1790, *et seq.*, AGAINST ALL DEFENDANTS)

11. Plaintiff repeats and incorporates the allegations set forth above in paragraphs 1 through 10 above, as though set forth in full.

12. The Vehicle is a "consumer good" as defined in Civil Code §1791(a), said Vehicle having been sold to and purchased by Plaintiff primarily for personal, family, and household purposes. The Vehicle is also a "new motor vehicle" as defined in Civil Code §1793.22(e)(2).

13. Defendant TESLA is a "manufacturer" as defined in Civil Code §1791(j). Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 1 through 5 are "manufacturers" as defined in said Civil Code section.

14. The express written warranties given in conjunction with the sale of the Vehicle herein are each as "express warranty" as defined in Civil Code §1791.2(a).

15. The Vehicle sold to Plaintiff was subject to the implied warranties of merchantability and fitness for a particular purpose running from Defendants, and each of them, to the benefit of Plaintiff pursuant to Civil Code §1792 *et seq.*

16. Defendants, and each of them, failed to comply with their legal obligations under the Song-Beverly Consumer Warranty Act, codified in Civil Code §1790 et seq. (hereinafter, the "Act"), including their obligation to repair the Vehicle within a reasonable number of attempts, or, failing that, to replace the Vehicle or refund the full purchase price.

17. The defects hereinabove described rendered the Vehicle unmerchantable, unfit for the ordinary purpose for which it was to be used, and unfit for the particular purposes for which the Vehicle was required by Plaintiff. From the time of its purchase and at all times thereafter, the Vehicle failed to comply with the express and implied warranties given by Defendants in that the Vehicle exhibited defects in material and/or workmanship which substantially impaired its use, value, and safety to Plaintiff. Defendants, and each of them, were adequately notified of these defects and given more than a reasonable number of opportunities to remedy these defects but failed to do so.

18. The acts of Defendants, and each of them, in failing and/or refusing to repair the Vehicle so as to bring it into conformity with the express and implied warranties deprived Plaintiff of his rights guaranteed him under the express and implied warranties offered by Defendants, and of their rights guaranteed them under the provisions of the Act. Defendants failed to repair Plaintiff's defective Vehicle within a reasonable number of attempts and within a reasonable amount of time after learning that it was defective and that it did not conform to the express and implied warranties offered by Defendants.

19. Plaintiff has performed each and every duty required under the terms of the express and implied warranties and under the provisions of the Act, including those described in Civil Code §§1793.22(c) and (d), except as may have been excused or prevented by the conduct of Defendants as herein alleged. Defendants' refusal to repair, reimburse, replace, or otherwise comply with the provisions of the Act and their express and implied warranties was willful and in contravention of Civil Code §1793.2.

20. As a direct and proximate result of the willful failure of Defendants, and each of them, to comply with their obligations under the Act and their express and implied warranties, Plaintiff has suffered actual and consequential damages, including, but not limited to, money expended on the purchase of the Vehicle (including finance charges, taxes, license fees, and service agreement charges), damages associated with the inconvenience suffered as a result of the numerous failures of the Vehicle to operate properly, the loss of use of the Vehicle during the time it has been out of service, the cost of repairs related to these defects but not paid for by Defendants under the warranty provisions, and insurance premiums. The precise amount of these damages is unknown at the present time but is in excess of the jurisdictional limit of this Court.

21. The refusal of Defendants, and each of them, to repair, reimburse, replace, or otherwise comply with the provisions of the Act and their express and implied warranties was willful, and in violation of Civil Code §§1793.2(d) and 1794(e), entitling Plaintiff to a civil penalty in an amount equal to two times the amount of actual damages.

22. As a further and direct result of Defendants' failure to comply with the provisions of the Act, Plaintiff has been compelled to retain the Law Offices of Choi & Associates, to bring this

COMPLAINT FOR DAMAGES - 5 -

1  action. Pursuant to Civil Code §1794(d), Plaintiff is entitled to reasonable attorney's fees and costs
2  incurred as a result of this action.

#### SECOND CAUSE OF ACTION
#### (VIOLATION OF MAGNUSON-MOSS WARRANTY ACT,
#### 15 U.S.C. §2304, et seq., AGAINST ALL DEFENDANTS)

23. Plaintiff repeats and incorporates the allegations set forth above in paragraphs 1 through 22 above, as though set forth in full.

24. As set forth hereinabove, the Vehicle is a non-conforming good as it contains defects which affect the use, enjoyment, and safety of the Vehicle.

25. Moreover, as set forth hereinabove, on numerous occasions after delivery of the Vehicle, Plaintiff allowed Defendants a reasonable number of attempts to repair said defects. However, the Vehicle continues to contain said defects.

26. Despite being provided written notice of the defects discussed and set forth hereinabove, Defendants, and each of them, have failed to provide Plaintiff with restitution or replacement of the Vehicle, in violation of 15 U.S.C. §2304(a)(4).

27. Defendant TESLA does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. §2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission; or, to the extent that TESLA does so, TESLA does not require compliance with that procedure prior to bringing legal action; or, to the extent that TESLA does require compliance with said procedure prior to bringing legal action, Plaintiff has complied with the informal dispute resolution mechanism prior to instituting this action.

28. As a direct and proximate result of Defendants' failure to comply with the provisions of 15 U.S.C. §2304, et seq., Plaintiff has sustained general and special damages in an amount to be determined at trial.

29. Moreover, Plaintiff is entitled to reasonable attorney's fees and costs incurred in bringing this action pursuant to 15 U.S.C. §2310(d).

## THIRD CAUSE OF ACTION
## (BREACH OF WARRANTY UNDER CIVIL CODE §1791.2(a), §1794, AGAINST ALL DEFENDANTS)

30. Plaintiff repeats and incorporates the allegations set forth above in paragraphs 1 through 29 above, as though set forth in full.

31. As set forth hereinabove, at the time of purchase of the Vehicle, Plaintiff was given certain express and implied warranties, including, but not limited to, a 4-year, 50,000 mile bumper-to-bumper warranty.

32. The warranties provided that, in the event a defect developed, Plaintiff could deliver the Vehicle for repair services to Defendant TESLA's authorized repair facilities, and the Vehicle would be repaired.

33. During the warranty period specified hereinabove, the Vehicle developed the defects and nonconformities set forth and identified above.

34. In accordance with Defendant TESLA's warranty, Plaintiff delivered the Vehicle to TESLA's authorized representative to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle for repair, Plaintiff notified TESLA and/or its authorized agent of the characteristics of the defects and nonconformities.

35. TESLA, by and through its authorized representative and agent, failed to repair the Vehicle, breaching the written warranty on each and every occasion (see, Rose v. Chrysler Motors Corp. (1963) 212 Cal. App. 2d 755, 763 (single failure to repair constitutes breach of warranty)).

36. As a direct and proximate result of Defendants' breach of warranty, Plaintiff has been damaged in an amount to be determined in trial. As such, Plaintiff seeks reimbursement as set forth in Civil Code §1794(b).

37. Moreover, Defendants' failure to comply with their obligations under the express warranty was willful in that Defendant TESLA and its authorized representatives were aware that they were unable to service or repair the Vehicle to conform to the express warranty, yet Defendants failed and refused to promptly replace the Vehicle or make restitution, despite Plaintiff's demand. As

such, Plaintiff is entitled to a civil penalty equal to two times the amount of Plaintiff's actual damages pursuant to Civil Code §1794(c).

38. Finally, pursuant to Civil Code §1794(d) and 15 U.S.C. §2510(d), Plaintiff is entitled to reasonable attorney's fees and costs incurred in bringing the action for breach of warranty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages in an amount to be determined at trial;
2. For a civil penalty in an amount equal to two times Plaintiff's actual compensatory damages, pursuant to Civil Code §1794, in an amount to be determined at trial;
3. For interest at the legal rate from the date of purchase of the Vehicle;
4. For reasonable attorney's fees;
5. For costs and expenses incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: September 19, 2018

LAW OFFICES OF CHOI & ASSOCIATES

By: _____
Edward W. Choi, Attorneys for Plaintiff
DANIEL SUNG

# EXHIBIT A

## Pro-Forma Motor Vehicle Purchase Agreement
### Estimated Price Sheet

| DATE OF AGREEMENT | November 20, 2015 | |
|---|---|---|
| **BUYER'S AND CO-BUYER'S NAME AND ADDRESS** | **SELLER'S NAME AND ADDRESS** | |
| Daniel Sung<br>[redacted]<br>Los Angeles, CA [redacted] | Tesla Motors, Inc.<br>3500 Deer Creek Road<br>Palo Alto, CA 94304 | |
| **VEHICLE TO BE DELIVERED ON OR ABOUT:** | 11/25/2015 | |

### DESCRIPTION OF PROPERTY

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | ODO Mileage |
|---|---|---|---|---|---|---|
| New - Previous service/demo vehicle | 2015 | TESLA | Model S 85 | | 5YJSA1H12FF097849 | 000949 |

### PURCHASE PRICE

1. **Total Cash Price**
   - A. Cash price of motor vehicle, options, accessories and fees. (See attached Vehicle Configuration for itemization.)     $ 95,470.00 (A)
   - B. Other __Showroom Discount_____     $ -3,800.00 (B)
   - C. Other_____     $ 0.00 (C)
   - D. Subtotal of Taxable Items (A through C)     $ 95,470.00 (D)
   - E. Sales Tax+     $ 8,250.30 (E)
   
   Total Cash Price (D through E)     $ 103,720.30 (1)

2. **Amounts Paid to Government Agencies***
   - A. Vehicle License Fees     $ 621.00 (A)
   - B. Registration/Transfer/Titling Fees     $ 81.00 (B)
   - C. Tire Fee     $ 7.00 (C)
   - D. Other_____     $ 0.00 (D)
   - E. Other_____     $ 0.00 (E)
   
   Total Government Fees (A through E)     $ 709.00 (2)

3. **Subtotal (1 through 2)**     $ 104,429.30 (3)

4. **Total Credits**
   - A. Order Payment     $ 2,500.00 (A)
   - B. Value of Tesla Trade-In Vehicle (see Trade-in Annex)     $ 0.00 (B)
   - C. Other_____     $ _____ (C)
   - D. Order Modification Fee Credit     $ 0.00 (D)
   
   Total Credits (A through D)+     $ 2,500.00 (4)

5. **Amount Due from Buyer (3 through 4)**     $ 101,929.30 (5)

\* Seller may retain or receive part of the amounts paid to others.

Auto Broker Fee: This transaction is not subject to a fee received by an auto broker from Seller unless this box is checked: ☐ If checked, name of auto broker receiving fee: _____n/a_____

+ This document is provided for your convenience. Amounts included in this Estimated Price Sheet are subject to change. These estimated amounts will be recalculated and finalized at the time of delivery.



## Motor Vehicle Purchase Agreement
### Terms & Conditions

**Documentation.** Your Motor Vehicle Purchase Agreement (the "Agreement") is made up of the following documents:

1. **Vehicle Configuration:** The Vehicle Configuration describes the vehicle that you configured and ordered, including pricing (excluding taxes and official or government fees). If you are purchasing a vehicle from our inventory, the Vehicle Configuration may be in the form of a Monroney window sticker or a buyer's guide.

2. **Final Price Sheet:** The Final Price Sheet will be provided to you as your delivery date nears. It will include final pricing based on your final Vehicle Configuration and will include taxes and official or governmental fees.

3. **Terms & Conditions:** These Terms & Conditions are effective as of the date you place your order and make your Order Payment (the "Order Date").

**Agreement to Purchase.** You agree to purchase the vehicle (the "Vehicle") described in your Vehicle Configuration from Tesla Motors, Inc. or its affiliate ("we," "us" or "our"), pursuant to the terms and conditions of this Agreement. Your Vehicle is priced and configured based on features and options available at the time of order. Options or features released after you place your order may not be included in your Vehicle.

**Purchase Price, Taxes and Official Fees.** The purchase price of the Vehicle is indicated in your Vehicle Configuration, the Monroney window sticker or buyer's guide attached to this Agreement, as applicable. This purchase price does not include taxes and official or government fees, which could amount to up to 10% or more of the Vehicle purchase price. Because these taxes and fees are constantly changing and will depend on other factors, such as where you register the Vehicle, they will be calculated closer to the time of delivery and indicated on your Final Price Sheet. You will be responsible for paying these additional taxes and fees.

**Manufacturing Process.**

- **Week 1:** We will submit your order to the Tesla Factory for production one week after the Order Date. During this one week period, you may cancel your order or make any changes to your Vehicle Configuration without incurring any costs.

- **Week 2 until Delivery:** When we submit your order for production, your Order Payment becomes earned and non-refundable. Because production of your Vehicle is already underway, changes to your Vehicle Configuration during this time will be difficult, if not impossible, for us to accommodate. If you want to make changes to your Vehicle Configuration, we will try to accommodate your request. If we accept your request, you will be subject to a non-refundable $500 change fee and potential price increases for any pricing adjustments made since your original order date. Any changes made to your Vehicle Configuration, including changes to the purchase price, will be reflected in a subsequent Vehicle Configuration that will form part of this Agreement.

**Cancellation; Default:** Because your Vehicle is custom ordered, we incur significant costs in starting production of your Vehicle. We also incur significant costs for remarketing and reselling the Vehicle if you cancel or default in this Agreement. As a result, your Order Payment is non-refundable once your order is sent to the Tesla Factory. You acknowledge that the Order Payment amount is a fair and reasonable estimate of the actual damages that we have incurred or may incur, costs that are otherwise impracticable or extremely difficult to determine. We will credit your Order Payment toward the final purchase price of the Vehicle. You acknowledge that this Order Payment and this Agreement are not made or entered into in anticipation of or pending any conditional sale contract.



**Inventory Vehicle.** This paragraph is applicable if you are purchasing a Vehicle from our inventory (*i.e.*, the vehicle has already been manufactured, as indicated by an existing VIN, an attached Monroney window sticker or a buyer's guide). Because we incur significant costs in preparing and coordinating the delivery of your Vehicle, including shipping logistics, your Order Payment is non-refundable. You acknowledge that the Order Payment amount is a fair and reasonable estimate of the actual damages that we have incurred or may incur in transporting, remarketing and reselling the Vehicle, costs that are otherwise impracticable or extremely difficult to determine. We will credit your Order Payment against the purchase price of your Vehicle upon completion of the transaction. You acknowledge that this Order Payment and this Agreement are not made or entered into in anticipation of or pending any conditional sale contract.

**Delivery.** We will notify you of when we expect your Vehicle to be ready for delivery at your local Tesla Service Center, or other location as we may agree to. You agree to schedule and take delivery of your Vehicle within one week of this date. If you are unable to take delivery within the specified period, your Vehicle may be made available for sale to other customers. The estimated delivery date of your Vehicle indicated in this Agreement is an estimate only and is not a guarantee of when your Vehicle will actually be delivered. If, on your behalf, we are coordinating the shipping of the Vehicle to you via a third party common carrier, you agree that delivery of the Vehicle, including the transfer of title and risk of loss, will occur at the time your Vehicle is loaded onto the common carrier's transport (*i.e.*, FOB shipping point). The carrier will insure your Vehicle while in transit and you will be the beneficiary of any claims for damage to the vehicle or losses occurring while the vehicle is in the possession of a common carrier. To secure your final payment and performance under the terms of this Agreement, we will retain a security interest in the Vehicle and all proceeds therefrom until your obligations have been fulfilled.

**Warranty; Privacy Policy.** You will receive the Tesla Motors New Vehicle Limited Warranty at or prior to the time of Vehicle delivery. You may also obtain a written copy of such warranty from us upon request or download it from your MyTesla account. Tesla's Customer Privacy Policy is incorporated into this Agreement and can be viewed at https://www.teslamotors.com/about/legal.

**Limitation of Liability.** We are not liable for any incidental, special or consequential damages arising out of this Agreement. In the event we are held liable for any damages to you, your sole and exclusive remedy will be limited to reimbursement of your Order Payment.

**No Resellers; Discontinuation.** Tesla and its affiliates sell cars directly to end-consumers, and we may unilaterally cancel any order that we believe has been made with a view toward resale of the Vehicle or that has otherwise been made in bad faith. We may also cancel your order and refund your deposit if we discontinue a product, feature or option after the time you place your order.

**Governing Law; Integration; Assignment.** The terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration. Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

**State Specific Provisions.** You acknowledge that you have read and understand the provisions applicable to you in the State Specific Provisions attachment to this Agreement.

# TESLA

This Agreement is entered into and effective as of the date you accept this Agreement, by electronic means or otherwise. By confirming and accepting this Agreement, you agree to the terms and conditions of this Agreement.

**Buyer's Signature**

Signature _____  Name _____  Date _____

**Co-Buyer's Signature**

Signature _____  Name _____  Date _____

**Seller Signature**
**Tesla Motors**

By _[signature]_  Title _DES_  Date _11/20/15_